UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CLAYBORN TAYLOR, DDS | : Case No. 2:16-cv-849 |
| Plaintiff, | : Judge George C. Smith |
| v. | : Magistrate Judge Kimberly A. Jolson |
| MID AMERICA HEALTH, INC., et al. | : |
| Defendants. | : |

**STIPULATED PROTECTIVE ORDER**

Counsel for the parties agree as stated herein on conditions for the production of all confidential information. Counsel have further agreed that their agreement may be entered by the Court as its Order.

1. "Confidential Material" as used in this Protective Order means documents and information (including deposition testimony) produced by any party or witness in the course of discovery which consists of and/or includes Defendants' confidential, proprietary, and/or commercially-sensitive business and financial information; Plaintiff's medical and financial information; personnel records of individuals not party to this litigation; and all other information designated by the producing party as confidential. Designation of confidentiality shall be made on documents by marking on the face of each document the words "CONFIDENTIAL" or "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER," or by so designating a file or box containing such documents. Any such documents already produced shall be automatically deemed confidential material without further designation. Duplicate copies of documents or transcripts so designated shall be deemed confidential. Designation of confidentiality shall be made with regard to deposition testimony by a statement on the record or by subsequent correspondence to opposing counsel within fourteen days of receipt of the transcript or entry of this Protective Order, whichever is later. Such designation must identify with reasonable particularity the testimony

that is to be designated as confidential.

    2.    This Protective Order does not restrict the parties as to the procedures to be employed at trial or briefing for handling Confidential Material, nor does it affect any party's right to assert that <u>in camera</u> review of information or documents is appropriate for a determination as to discoverability, that other protective orders should be issued, or that other procedures should be employed at a hearing regarding Confidential Material.

    3.    The provisions of this Protective Order shall not affect the admissibility of evidence or any objections to same at trial or in any other proceedings in Court except as may be provided by separate order or agreement. In addition, nothing herein shall be construed as making any particular information or document discoverable in this action which might otherwise be objectionable.

    4.    All Confidential Material provided by any party or witness shall be used solely for the prosecution or defense of this action and shall not be disclosed in any manner to anyone other than the parties or the law firms of record for the parties herein and legal assistants or other regular law firm employees who are involved in the prosecution or defense of this action.  Counsel shall instruct all such persons to themselves maintain the confidentiality of Confidential Material pursuant to the terms of this Protective Order, and shall furnish to all such persons a copy of this Protective Order.

    5.    This Protective Order does not authorize filing protected materials under seal. No document may be filed with the Court under seal without prior permission as to each such filing, upon motion and for good cause shown, including the legal basis for filing under seal. *See Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219 (6th Cir. 1996). Unless the Court orders otherwise, all sealed documents shall be filed according to S. D. Ohio Civ. R. 5.2.1.

6. Upon final disposition of this action, all Confidential Materials produced pursuant to this Protective Order and all copies, excerpts or extracts (excluding excerpts or extracts incorporated into any privileged memoranda of the parties), except for such material which has become part of the record in this action, shall be returned or destroyed as agreed at that time by the person producing the material.

7. The production of privileged or work-product protected documents, electronically stored information ("ESI"), or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

8. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, and/or segregation of privileged and/or protected information before production.

The undersigned counsel for the parties agree on behalf of their respective firms and clients to the terms set forth herein, and consent to the form and entry of this Protective Order.

It is specifically ordered by the Court that production of the Confidential Material is not deemed a waiver of the privileged status of the material.

IT IS SO ORDERED.


Date: March 8, 2017                                /s/ Kimberly A. Jolson
                                                   KIMBERLY A. JOLSON
                                                   UNITED STATES MAGISTRATE JUDGE

/s/ John Marshall (per email 3/6/17)
John Spenceley Marshall (0015160)
Edward Reilley Forman (0076651)
Samuel Micah Schlein (0092194)
MARSHALL AND MORROW, LLC
250 Civic Center Drive, Suite 480
Columbus, OH 43215-5296
jmarshall@marshallandmorrow.com
eforman@marshallandmorrow.com
sschlein@marshallandmorrow.com

*Counsel for Plaintiff*

/s/Evan T. Priestle
Blake J. Burgan, Atty No. 18350-49
David L. Guevara, Atty. No. 26388-49
TAFT STETTINIUS & HOLLISTER LLP
One Indiana Square, Suite 3500
Indianapolis, Indiana 46204-2023
Telephone: (317) 713-3500
Fax: (317) 713-3699
bburgan@taftlaw.com
dguevara@taftlaw.com

Evan T. Priestle (0089889)
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202-3957
Telephone: (513) 381-2838
Fax: (513) 381-0205
epriestle@taftlaw.com

*Counsel for Defendants*

4